# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JACOB M. BELL, SR.** | **CIVIL ACTION NO. 10-1714-P** |
| **VERSUS** | **JUDGE WALTER** |
| **FORCHT WADE CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jacob M. Bell, Sr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 9, 2010. Plaintiff was incarcerated at the Forcht Wade Correctional Center in Homer, Louisiana when he filed this action and claims his civil rights were violated by prison officials. He names the Forcht Wade Correctional Center, Anthony Batson, and Martin L. Forcht as defendants.

Plaintiff claims he was transferred to Forcht Wade Correctional Center in June 2009. He claims he suffers from spinal problems and bipolar disorder. He claims the doctor did not give him a duty status for his spinal problems even though he is disabled. He claims that since he did not have a duty status, he had to go to work call. He claims he went to work call and re-injured himself.

Plaintiff claims he filed a medical request to see Dr. Daniels. He claims Dr. Daniels gave him a thirty-day duty status, prescribed medication, and ordered an x-ray. Plaintiff claims Dr. Daniels should have ordered an MRI.

Plaintiff claims that after his duty status expired, he filed two medical requests for a follow-up. He claims he has received no medical treatment for his spinal problems.

Plaintiff claims he saw Dr. Hearn on April 20, 2010. He claims she stopped the examination. He claims he was treated as a number and not as a patient. He claims he was told that Dr. Hearn saw nothing on his x-ray that indicated he needed a duty status.

Plaintiff claims Dr. Fyle increased his medication for his bipolar condition. Plaintiff admits he was given over the counter medications for his back pain and prescribed medications for his bipolar disorder. Plaintiff argues he should have received physical therapy, an MRI, and a duty status for his back problems.

Plaintiff claims that he received inadequate dental care. He admits he has seen by Dr. Moore on several occasions. He claims that at times his dentures fall out of his mouth when he is talking. He also claims his dentures pinch his gums and make him bite his tongue. He claims they are uncomfortable. He claims his teeth are sensitive to hot and cold.

Plaintiff claims he was placed in administrative segregation from May 5, 2010 until May 11, 2010. He claims he wrote a letter to the Warden about the situation, but received no response.

As relief, Plaintiff seeks monetary compensation and any other relief to which he is entitled.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Medical and Dental Care Claims**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical/dental care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical/dental care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not

state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. Plaintiff admits that after he re-injured his back, he was seen by Dr. Daniels and given a thirty-day duty status, prescribed medication, and x-rayed. Plaintiff admits he was examined by Dr. Hearne and that she looked at his x-ray and saw no reason to issue a duty status. He admits that he was given over the counter medication for his back pain. He admits he was given medication for his bipolar condition. He admits that he saw the dentist on several occasions.

It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical and dental claims should be dismissed with prejudice as frivolous.

**Due Process Claims**

Plaintiff claims he was placed in administrative segregation from May 5, 2010 until May 11, 2010. To the extent Plaintiff contends he was punished without due process, these claims are not cognizable.

In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the

inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431. Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the disciplinary action affected the duration of his sentence or that the disciplinary sentence was atypical of the prison environment. To the contrary, Plaintiff's allegations concern placement in administrative segregation which is far from "extraordinary." This Court finds that under Sandin, Orellana and Madison, the placement in administrative segregation does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's claims that he was punished without due process of law are without merit and should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before

or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of November 2013

.

                                    Mark L. Hornsby
                                    U.S. Magistrate Judge